## Benn Estate

*Donald J. McGonigal* and *Ralph B. Umsted*, for accountant.

*High, Swartz, Childs & Roberts* and *Rambo & Mair*, for residuary legatee.

TAXIS, P. J., April 13, 1959.— . . . James S. Benn died January 3, 1958, leaving his last will and testament dated November 12, 1957, upon which letters testamentary were granted on January 8, 1958, to the present accountant.

In the first and second sections of his will decedent provided as follows:

"FIRST: I order and direct that all my just debts and funeral expenses be paid by my executor, hereinafter named, as soon as conveniently may be done after my decease.

"SECOND: If my wife, Lida C. Benn, shall survive me, I give and bequeath to her, without condition as to its disposition, one-half of all my estate, real and personal."

After giving cash legacies totaling $70,000 and after directing that the gifts be free from estate,

Federal, inheritance and succession taxes, decedent gave his residuary estate, in trust, the income to be paid to his wife, Lida C. Benn, for life. Upon her death the trust terminated and distribution of principal to be made as follows: One-fourth each to two nephews, and the remaining one-half to The Board of Pensions of the Presbyterian Church of the United States as a memorial to his son. The correct title of the residuary legatee by merger is The Board of Pensions of the United Presbyterian Church in the United States of America.

Testator was survived by his widow, Lida C. Benn, who was adjudicated an incompetent on January 25, 1958, and a guardian appointed for her estate. On November 1, 1958, Lida C. Benn, testator's widow, died, thus terminating the trust for her benefit.

The question presented is stated as follows:

Did testator intend his widow to receive one-half of the gross estate without any deduction for administration expenses, or did testator intend her to receive one-half of the net estate after deduction for debts and funeral and administration expenses but not taxes and legacies?

The accountant has taken the position that the estate of Lida C. Benn, deceased, is entitled to one-half of the gross estate subject only to the payment of decedent's debts and funeral expenses and that administration expenses, taxes and legacies must be paid from the remaining one-half balance of the gross estate.

The Board of Pensions of the United Presbyterian Church, a residuary legatee as to one-half share, however, contends that it was the intent of testator that the widow's share be one-half of the net estate after deduction for debts, funeral expenses and administration expenses, but not subject to taxes or legacies. The residuary legatee argues: "Reading the will from its

four corners, it is fair to say that testator intended to take advantage of the Marital Deduction provisions of the Internal Revenue Code as amended by the Revenue Act of 1948. The scheme of the will followed the usual pattern. One-half is given outright to the wife, and the remaining one-half, after the payment of certain legacies, is placed in a trust with life income to the wife. This is the normal procedure to gain maximum use of the Marital Deduction features of the Internal Revenue Code."

What the board of pensions really asks this court to do is to supply a marital deduction clause so that the maximum use of the marital deduction provisions can be obtained by this estate. Although that might be a desirable result for this residuary legatee, yet no such intention can be obtained from the will. The character of the legacy depends upon the intention of testator as determined by the language of his will, not necessarily the result that may occur by reason of his failure to insert a proper clause acquiring the maximum marital deduction. This case is ruled by Thompson's Estate, 329 Pa. 542, and Ostheimer's Estate, 28 D. & C. 624. In the former case the husband devised to his wife, "half of all my personal property." It was held that the widow was entitled to one-half of the whole personal estate undiminished by expenses of administration. This was followed in Ostheimer's Estate, supra.

The board of pensions cites Martin's Estate, 59 D. & C. 529, wherein the Orphans' Court of Philadelphia County held a bequest of an "equal" one-third share of a testator's estate should be construed to entitle the widow to one-third of the net estate after the payment of debts, administration expenses and legacies. Martin's Estate, however, is distinguishable and inapplicable. That case turned on the use of the word "equal" whereas in the present case the word "all" was used. In Thompson's Estate "all" was also

used. I conclude, therefore, that the estate of Lida C. Benn is entitled to one-half of the gross estate, subject only to the payment of decedent's debts and funeral expenses and that the administration expenses, taxes and legacies must be paid from the remaining one-half balance of the gross estate.

And now, April 13, 1959, this adjudication is confirmed nisi.